AE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GLAZIERS, ARCHITECTURAL METAL )
AND GLASS WORKERS LOCAL )
UNION NO. 27 WELFARE AND )
PENSION FUNDS, )
        Plaintiffs )
)
        Plaintiffs, )
)
v. )
)
WORLD CLASS GLASS CO., an Illinois )
Corporation, and RICHARD MORRISON, )
Individually, )
        Defendants. )

07CV6249
JUDGE BUCKLO
MAG. JUDGE ASHMAN

FILED
NOV - 5 2007
NOV 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ, ROSS B. MANTELL and ARNOLD AND KADJAN, complain against Defendant, **WORLD CLASS GLASS CO., an Illinois corporation, and RICHARD MORRISON, Individually,** as follows:

### COUNT I

1.   (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

    (b)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.   Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.   (a)   The Plaintiffs in this count are TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section

1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendants, **WORLD CLASS GLASS CO., an Illinois corporation, and RICHARD MORRISON, Individually ("WORLD CLASS")** is an Illinois corporation and is an employer engaged in an industry affecting commerce with its principal place of business located within this Court's jurisdiction.

(b) **WORLD CLASS** is an employer engaged in an industry affecting commerce.

5. Since on or about **September 14, 2006**, **WORLD CLASS** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to make periodic contributions to the Glaziers Local No. 27 Funds.

6. **WORLD CLASS** is required to make contributions to the Funds on behalf of its Glaziers employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7. Plaintiffs are advised and believe that for **September 14, 2006 to the present,**

**WORLD CLASS** has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.   **WORLD CLASS** be ordered to submit to an audit for **September 14, 2006 to the present.**

B.   Judgment be entered on any amounts found to be due on the audit.

C.   Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.   **WORLD CLASS** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.   This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

1-7 Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

8.   Defendant, **RICHARD MORRISON** (**"MORRISON"**) is, on information and belief owner and operator of Defendant, **WORLD CLASS.**

9.   **MORRISON** co-signed and guaranteed the Installment Note entered into by **WORLD CLASS.** (Exhibit B)

10.   The Note is in default since December 1, 2007. There is an unpaid balance of

$12,000.00 on the Glaziers Local No. 27 Note.

11. Default on the Note accelerates the entire balance due.

12. **MORRISON** has failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, **MORRISON** in the amount of **$12,000.00** for the Glaziers Local No. 27.

                    Respectfully submitted,

                    **TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS**

                    By: _____
                            One of their Attorneys

Donald D. Schwartz
Ross B. Mantell
**ARNOLD AND KADJAN**
19 West Jackson Blvd., Suite 300
Chicago, Illinois 60604
(312) 236-0415



Phone 708-443-9006
Fax 708-443-9007

TERRENCE FITZMAURICE
BUSINESS MANAGER/
SECRETARY-TREASURER

### Glaziers, Architectural Metal and Glass Workers
### Local Union No. 27, Chicago and Vicinity

OF THE

INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO
AFFILIATED WITH PAINTERS' DISTRICT COUNCIL NO. 14

MEETS THE 4TH MONDAY OF EACH MONTH, 5309 WEST 26TH STREET, BERWYN

4225 LAWNDALE AVENUE • LYONS, IL 60534

MICHAEL MABUS
BUSINESS REPRESENTATIVE

MICHAEL O'DONNELL
BUSINESS REPRESENTATIVE

MICHAEL COOK
BUSINESS REPRESENTATIVE

JAMES AUGUSTYN
PRESIDENT

RICHARD GAIDELIS
VICE-PRESIDENT

MICHAEL OHM
RECORDING SECRETARY

LAWRENCE TASIC
FINANCIAL SECRETARY

## MEMORANDUM OF AGREEMENT

This Memorandum of Agreement entered into by and between **GLAZIERS UNION LOCAL NO. 27 of the INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO**, affiliated with **PAINTERS DISTRICT COUNCIL NO. 14** hereinafter referred to as the "Union" and *World Class Glass Company, 4909 Fountain Lane, McHenry Illinois 60050*, Hereinafter referred to as the "Company", on this 14th day of September, 2006.

**WITNESSETH:**

1. That the aforesaid Company agrees to be bound by the contract entered into between GLAZIERS UNION LOCAL NO.27, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, affiliated with PAINTERS DISTRICT COUNCIL NO.14, and the ASSOCIATION OF GLAZING CONTRACTORS, for the same terms as agreed upon between the "Union" and the ASSOCIATION OF GLAZING CONTRACTORS OF CHICAGO & VICINITY.

2. Any and all terms of the contract between the Union and the Association of Glazing Contractors are hereby adopted and incorporated into this Memorandum of Agreement.

IN WITNESS WHEREOF, the parties have caused this document to be executed on the day and the place first written above.

GLAZIERS UNION LOCAL NO.27
Affiliated with PAINTERS DISTRICT
COUNCIL NO.14, of the INTERNATIONAL
PAINTERS AND ALLIED TRADES, AFL-CIO

Company: WORLD CLASS GLASS CO.

By: _____
Signature

Richard Morrison / President
Name & Title (please print)

Date: 1-14-0C

By: _____
Terrance Fitzmaurice, P.D.C.14

By: _____
Michael Mabus,
Business Representative
Glaziers Union Local No.27

Date: 9-28-2006

EXHIBIT A

## INSTALLMENT NOTE

$15,500.00                                                                                    June 14, 2007

For Value Received, the undersigned promises to pay to the order of _____
GLAZIERS LOCAL 27 FRINGE BENEFIT FUNDS _____ the principal sum of
FIFTEEN THOUSAND FIVE HUNDRED AND 00/100 ($15,500.00) _____ Dollars

Payable in installments as follows:

SEVEN HUNDRED AND 00/100 ($700.00) _____ Dollars
on the __1ST__ day of __JULY__ 2007
SEVEN HUNDRED AND 00/100 ($700.00) _____ Dollars
on the __1ST__ day of each month beginning on the __1ST__ day of __AUGUST__ 2007
for __19__ month(s) succeeding, and a final payment of
EIGHT HUNDRED AND 00/100 ($800.00) _____ Dollars
on the __1ST__ day of __APRIL 2009__ with interest on the balance of principal remaining from time to time unpaid at the rate of
__0%__ per cent per annum, payable on the due dates for installments of principal as aforesaid.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of 18 per cent per annum. Payments of both principal and interest shall be made at **ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958** or such other place as the legal holder hereof may from time to time in writing appoint.

The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage, bearing even date herewith, from the undersigned to _____
on personal property _____
_____
in the County of _____, Illinois. The undersigned's residence (chief place of business) is at _____ _____, Illinois.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment of principal or interest, or any portion thereof, in accordance with the terms hereof or in case of default as defined in said Security Agreement. In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

RESOLUTION OF REPORTS JANUARY 2007 THROUGH APRIL 2007

_____                    _____
RICHARD MORRISON, INDIVIDUALLY                       WORLD CLASS GLASS CO.
                                                     4909 Fountain Lane
                                                     McHenry, IL 60050
                                                     815-236-0429 (phone)
                                                     815-385-9927 (fax)

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145.

CAUTION:    Consult a lawyer before using or acting under this form. *All warranties, including merchantability and fitness, are excluded.*

5133-182

EXHIBIT B